IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert James Miller, Jr., | ) | C/A No.: 3:14-340-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Riley Maxwell, Assistant Solicitor; Jeff Talbert; Maggie Boyd; Bill Dove; and, Jeff Westfall, Investigators for the Fairfield County Sheriff's Office, each in their individual capacity, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Robert James Miller, Jr., proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights during state criminal proceedings and a deprivation of property without due process of law by a state prosecutor, Riley Maxwell ("Maxwell") and the following investigators employed by the Fairfield County Sheriff's Office: Jeff Talbert ("Talbert"); Maggie Boyd ("Boyd"); Bill Dove ("Dove"); and Jeff Westfall ("Westfall") (collectively "Defendants"). [Entry #1 at 1-2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

1

I.      Factual and Procedural Background

Plaintiff alleges that Talbert arrested Plaintiff's wife on November 3, 2010, for multiple counts of financial transaction card fraud. [Entry #1 at 3]. According to the complaint, Dove and Westfall arrested Plaintiff later that day at a storage unit, where he consented to a search of the premises. *Id.* Plaintiff indicates that he "was taken to the Fairfield County Detention Center where defendants seized $882.00 cash he had on his person." *Id.* Plaintiff alleges Westfall obtained a search warrant to re-inspect the storage unit without probable cause, and Talbert, Westfall, Dove, and Boyd located and seized an additional $9000 in cash. *Id.* Plaintiff also alleges that Talbert and Boyd unlawfully seized and impounded his vehicle. *Id.*

Plaintiff indicates that he did not receive a bond hearing for over three days and believes that Talbert "requested the delay and intentionally postponed the hearing." *Id.* Plaintiff claims that a state court granted his wife a personal recognizance bond; however, a judge denied bond for him, allegedly pursuant to Talbert's request. *Id.* Plaintiff states that he received a bond review hearing in February 2011 and "was granted a $125,000 bond which was posted on February 28, 2011." *Id.* at 4. Plaintiff alleges that this "excessive and unnecessary bond was imposed at the request of Defendant Maxwell." *Id.*

Plaintiff states that he received permission from Maxwell to move to his parents' home in Pennsylvania in late 2011. *Id.* Plaintiff claims that he returned for court in April 2012, and Maxwell revoked Plaintiff's bond subjecting him to re-incarceration. *Id.* Plaintiff further alleges that Maxwell withdrew all plea offers prior to trial. *Id.* Plaintiff indicates that he entered a guilty plea to three counts of financial identity fraud on April

2

3, 2012, and was sentenced to two concurrent ten-year sentences of imprisonment. *Id.* Plaintiff also alleges he received a consecutive ten-year sentence for the third count, which the state court suspended upon the service of three years probation. *Id.*

In preparing for a post-conviction relief ("PCR") hearing, Plaintiff alleges that he discovered "substantial evidence that Defendants Talbert and Maxwell concealed important information with the intent of depriving plaintiff of his rights under the Sixth Amendment of the U.S. Constitution." *Id.* at 5. Plaintiff also asserts his money and vehicle were illegally confiscated. *Id.* Plaintiff alleges no knowledge of any forfeiture hearing regarding his property, *id.* at 6, and believes Defendants "charged the plaintiff for a crime with the intent of making the charge and the $66,312.93 disappear." *Id.* at 7. Plaintiff states that he has mailed letters to the South Carolina Law Enforcement Division ("SLED") requesting an investigation into Defendants' alleged "misconduct and theft of funds," to no avail. *Id.* Lastly, Plaintiff alleges that Defendants have illegally obtained and confiscated a check "made payable to the plaintiff," refused to provide him with discovery materials, and withheld or destroyed critical evidence in his criminal case. *Id.* at 9. Plaintiff seeks monetary damages for Defendants' alleged violations of his constitutional rights. *Id.* at 11.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1.   Prosecutorial immunity

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). In this action, Plaintiff sues Maxwell for actions associated with the prosecution of Plaintiff's state criminal charges. As such, the claims are barred by prosecutorial immunity, and the undersigned recommends they be summarily dismissed.

2.   Malicious prosecution/false imprisonment/illegal search

Liberally construed, Plaintiff alleges malicious prosecution and false imprisonment by Defendants. [Entry # 1 at 8]. "[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, to the extent such right exists, a plaintiff must demonstrate seizure "'pursuant to legal process that was not supported by probable cause and [ ] that the criminal proceedings have terminated in plaintiff's favor.'" *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)

5

(quoting *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)).  As discussed above, Maxwell is protected by prosecutorial immunity.  Further, Plaintiff alleges that his prosecution resulted in a guilty plea and prison sentence.  [Entry #1 at 4].  As Plaintiff does not demonstrate that criminal proceedings terminated in his favor, any claims for malicious prosecution and false imprisonment against the remaining Defendants are subject to summary dismissal.

Further, to the extent Plaintiff seeks monetary damages for his November 2010 arrest and imprisonment or Defendants' alleged illegal search of his vehicle and storage unit, such claims are also barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  In *Heck*, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. A favorable determination on the merits of Plaintiff's claims in this action would require a finding that his imprisonment is invalid, and Plaintiff provides no facts to demonstrate that he has successfully challenged his convictions.  Instead, Plaintiff indicates that the South Carolina Court of Appeals dismissed his direct appeal on July 18, 2012.  *Id.* at 4–5. Plaintiff further states that he voluntarily dismissed his state court PCR case so that he may seek habeas corpus relief in federal court. [Entry #7 at 1–2].  Therefore, Plaintiff's claim for monetary damages associated with searches and imprisonment resulting from

his arrest and conviction are also barred by the favorable determination requirement of *Heck*.

### 3. Deprivation of property

Plaintiff asserts that Defendants illegally confiscated his vehicle and money. [Entry #1 at 3, 6–7]. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995).

Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's property did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss). In South Carolina, a prisoner may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-

7

10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).

In this case, Plaintiff alleges Defendants deprived him of his funds and vehicle, without benefit of a forfeiture hearing. [Entry #1 at 6–7]. As Plaintiff has an adequate state remedy available to address Defendants' alleged improper confiscation of his property and money, this claim is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

February 25, 2014                                  Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).