UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert James Miller, Jr., | ) | C/A No. 3:14-340-JFA-SVH |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| Riley Maxwell, Assistant Solicitor; Jeff Talbert; Maggie Boyd; Bill Dove; and, Jeff Westfall, Investigators for the Fairfield County Sheriff's Office, each in their individual capacity, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Robert James Miller, is an inmate at the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his rights during his state criminal proceedings. He also claims he was deprived of his property without due process of law. He seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on February 25, 2014. The plaintiff filed timely objections.

As an initial matter, the Magistrate Judge properly concludes that defendant Maxwell has absolute immunity for his actions associated with the prosecution of plaintiff's state criminal charges. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Accordingly, defendant Maxwell is dismissed from this action.

With regard to the plaintiff's claims of malicious prosecution, false imprisonment, and illegal search, the Magistrate Judge opines that as plaintiff does not demonstrate that the criminal proceedings terminated in his favor, any such claims for malicious prosecution and false imprisonment are subject to dismissal. Further, the Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's claim for money damages for his arrest and imprisonment or the defendants' alleged illegal search of his vehicle and storage unit are barred by *Heck's* holding. *Heck* requires that a defendant who brings a § 1983 action where success of the action would implicitly question the validity of the underlying conviction or duration of the sentence, must first show that the underlying conviction or sentence has been invalidated, which the plaintiff has not shown.

Finally, plaintiff claims that the defendants illegally confiscated his vehicle and money. The Due Process Clause of the United States Constitution has been held to not apply

2

to a negligent act of a government official causing an unintended loss or injury to life liberty or property. *Daniels v. Williams*, 474 U.S. 327 (1986). To the extent the claim in this case may be construed as a claim for an intentional deprivation of property by a governmental employee, it is well-settled that if a meaningful post-deprivation remedy for the loss is available, no § 1983 action will lie. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). This court agrees with the Magistrate Judge that these claims are subject to summary dismissal.

The court has conducted a *de novo* review of the plaintiff's objections and the addendum thereto and finds no basis for disturbing the Magistrate Judge recommended disposition.

Regarding prosecutorial immunity, plaintiff contends that defendant prosecutor Maxwell "Is not or at least should not, be entitled to prosecutorial immunity." Plaintiff cites cases that he suggests imply that immunity does not apply to a prosecutor's actions that are investigative or administrative. In reviewing the totality of the record in this case, the court finds that the actions were clearly taken by the prosecutor in his role as a prosecutor and not in an investigative or administrative capacity. Obtaining orders from a court are neither investigative or administrative acts. For this reason, the court overrules all objections related to prosecutorial immunity.

With regard to the claims for malicious prosecution, false imprisonment, or illegal searches, plaintiff asserts that he "does not believe" that *Heck* applies to this case because he pled guilty to three counts of identity fraud and that "those three counts are not part of this

3

action." Plaintiff cannot simply make something "not a part of this action" by *ipse dixit*.

This court's review of the record reveals that the principals announced in *Heck* apply quite clearly to the claims asserted in this case. Accordingly, all objections are overruled.

Finally, regarding plaintiff's claim for loss of property for which the Magistrate Judge found there exists an adequate post-deprivation remedy in state court, plaintiff contends that he "would not be able to raise any claims for the multitude of constitutional violations" in South Carolina state court. Additionally, plaintiff raises technical reasons why a "claim and delivery action" would not be available to him in this case. The court respectfully disagrees. Plaintiff clearly has the right under state law to seek redress for any deprivations of property that occurred intentionally.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, this court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process. Plaintiff's motion to amend his complaint (ECF No. 17) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 8, 2014                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge